UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARLA WEBB, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:06-CV-0729-SNL |
| WASHINGTON UNIVERSITY SCHOOL OF MEDICINE, et al., | ) |
| Defendants. | ) |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Carla Webb for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

In this civil action, plaintiff seeks injunctive relief and $30,000,000.00 in monetary damages against Washington University School of Medicine; Asko Kivikosi (medical doctor); Bernadette Bernard (medical doctor); Barnes-Jewish Hospital; Joseph A. Frank (attorney); David T. Dolan (attorney); Gregory T. Mueller (attorney); Frank, Dolan & Mueller (law firm); Unknown Medical Director and Michael Dehauen (Medical Director, Barnes-Jewish Hospital). Plaintiff alleges, among other things, that defendants Bernard and Kivikosi perforated her bowel during a diagnostic laparoscopy. She alleges that, as a result of said defendants' negligence and malpractice, she suffers from irritable bowel syndrome and numerous gastrointestinal complications. Plaintiff further alleges that defendants Dolan and the law firm of Frank, Dolan & Mueller, who represented her in a state court cause of action against defendants Kivioski and Bernard, provided ineffective assistance of counsel, committed legal malpractice, were negligent and ultimately abandoned plaintiff.

**Discussion**

Giving the complaint the benefit of a liberal construction, the Court finds that plaintiff may be attempting to invoke this Court's diversity jurisdiction. Although plaintiff contends that the amount in controversy exceeds $75,000, she has not alleged the existence of diversity of citizenship. Federal diversity jurisdiction requires complete diversity, so that no defendant is a citizen of the same

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

state as any plaintiff. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), *overruled on other grounds, Louisville, Cincinnati & Charleston R.R. Co. v. Letson*, 43 U.S. 497 (1844). In the case at hand, plaintiff is a citizen of the State of Missouri as, apparently, are all of the defendants. *See* 28 U.S.C. § 1332. Thus, this Court would have no subject matter jurisdiction over plaintiff's claims through diversity of citizenship.

Plaintiff attempts to invoke the Court's federal-question jurisdiction under 42 U.S.C. § 1983 and the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. In order to determine whether the Court has original jurisdiction over plaintiff's claims, it must determine whether those claims "aris[e] under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1331; *see Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

In characterizing a cause of action for jurisdictional purposes, it is the gravamen of the complaint which the Court must consider. Notwithstanding plaintiff's assertions, the gravamen of plaintiff's complaint concerns state-law claims of negligence, and medical and legal malpractice, not violation of the Constitution or federal laws. Because plaintiff's claims do not "aris[e] under" the Constitution or laws of the United States, there is no federal question jurisdiction over the claims.

The Court concludes that there is neither diversity of citizenship nor a federal question in this matter. As this Court lacks subject matter jurisdiction, the action must be dismissed.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

pauperis [Doc. 1] be **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 19th day of May, 2006.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com